Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Audrey Cunningham,<br><br>            Plaintiff,<br><br>v.<br><br>Stuart Allan & Associates, Inc.;<br>and Stephen D. Burton d.b.a.<br>Stephen D. Burton & Associates;<br><br>            Defendants. | No.<br><br>COMPLAINT<br><br>(Jury Trial Demanded) |

I.  Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereinafter "FDCPA"). Plaintiff seeks an award of statutory damages, actual damages, court costs and attorney's fees.

II.  Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection

|   |   |   |
|---|---|---|
| 1 |   | practices by debt collectors, to insure that those debt collectors who |
| 2 |   | refrain from using abusive debt collection practices are not |
| 3 |   | competitively disadvantaged, and to promote consistent state action to |
| 4 |   | protect consumers against debt collection abuses. FDCPA § 1692. |
| 5 | 3. | The FDCPA is designed to protect consumers who have been |
| 6 |   | victimized by unscrupulous debt collectors regardless of whether a |
| 7 |   | valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th |
| 8 |   | Cir. 1982). |
| 9 | 4. | The FDCPA defines a "consumer" as any natural person obligated or |
| 10 |   | allegedly obligated to pay any debt. FDCPA § 1692a(3). |
| 11 | 5. | The FDCPA defines "debt" as any obligation or alleged obligation of a |
| 12 |   | consumer to pay money arising out of a transaction in which the |
| 13 |   | money, property, insurance, or services which are the subject or the |
| 14 |   | transaction are primarily for personal, family, or household purposes. |
| 15 |   | FDCPA § 1692a(5). |
| 16 | 6. | The FDCPA defines "debt collector' as any person who uses any |
| 17 |   | instrumentality of interstate commerce or the mails in any business |
| 18 |   | the principal purpose of which is the collection of any debts, or who |
| 19 |   | regularly collects or attempts to collect, directly or indirectly, debts |
| 20 |   | owed or due or asserted to be owed or due to another. FDCPA § |
| 21 |   | 1692a(6). |
| 22 | 7. | Any debt collector who fails to comply with the provisions of the |
| 23 |   | FDCPA is liable for any actual damage sustained; statutory damages |
| 24 |   | up to $1,000; attorney's fees as determined by the Court and costs of |
| 25 |   | the action. FDCPA § 1692k. |

|   |   |   |
|---|---|---|
| 1 |   | III.  JURISDICTION |
| 2 | 8. | Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein. |
| 7 |   | IV.  PARTIES |
| 8 | 9. | Plaintiff is an individual residing in Pima County, Arizona. |
| 9 | 10. | Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as that term is defined by FDCPA § 1692a(3). |
| 11 | 11. | Defendant Stuart Allan & Associates, Inc. ("Stuart Allan") is an Arizona corporation with its primary place of business located at 5447 E. 5th Street, Suite 110, Tucson, Arizona 85711-2345. |
| 14 | 12. | Stuart Allan is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0018573. |
| 16 | 13. | Stuart Allan collects or attempts to collect debts owed or asserted to be owed or due another. |
| 18 | 14. | In the alternative, Stuart Allan collects or attempts to collect debts it has purchased after default. |
| 20 | 15. | Stuart Allan is a "debt collector" as that term is defined by FDCPA § 1692a(6). |
| 22 | 16. | Defendant Stephen D. Burton ("Burton") is an individual and an Arizona licensed attorney. |
| 24 | 17. | Burton's primary place of business is located at 5447 E. 5th Street, Suite 110, Tucson, Arizona 85711-2345 |

18. At all times relevant herein, Burton operated a law firm under the name of Stephen D. Burton & Associates.
19. Burton employs other attorneys and/or legal assistants to assist him in his law practice.
20. Burton regularly collects or attempts to collect debts owed or asserted to be owed or due another.
21. Burton is a "debt collector" as defined by FDCPA § 1692a(6).
22. At all times relevant herein, Burton created the collection policies and procedures utilized by the attorneys and other employees of his law firm.
23. Burton manages the daily operation of his law firm, and oversees the application by his attorneys and other employees of his collection policies and procedures.
24. Burton is liable for the actions of his employees and agents acting within the scope of their employment of collecting or attempting to collect debts owed or asserted to be owed or due another.
25. At all times relevant herein, Burton was acting on behalf of and as agent for Stuart Allan.
26. Stuart Allan is liable for the actions of Burton taken on its behalf as set forth herein.

## V.  FACTUAL ALLEGATIONS

27. On March 8, 2005 Plaintiff and her husband Ray Cunningham entered into a one year residential lease agreement through Rincon Realty & Investment.
28. Prior to the expiration of the lease, and prior to April 24, 2006,

1 | Plaintiff moved out of the home.

2 | 29. On April 24, 2006, Ray Cunningham, on his own behalf, and with his mother Zelma Cunningham, entered into a Lease Renewal Agreement with Rincon Realty for the Tucson home.

30. The renewal agreement extended the lease one year from June 2006, to May 2007.

31. Plaintiff did not sign this Lease Renewal Agreement and had no knowledge of it, and received no benefit.

32. In or about November 2006, Ray Cunningham and Zelma Cunningham defaulted on the Lease Renewal Agreement entered into with Rincon Realty.

33. Burton subsequently filed suit on behalf of Rincon Realty and against Plaintiff in the Pima County Justice Court, case number CV06-031419.

34. Plaintiff was never served with the 2006 lawsuit.

35. Plaintiff first learned of the 2006 lawsuit when she received notice that her wages were going to be garnished.

36. Burton ultimately obtained a judgment against Plaintiff on behalf of Rincon Realty in the 2006 case.

37. Burton initiated a wage garnishment against Plaintiff which continued until about February 2009.

38. On March 25, 2009, Burton filed a satisfaction of judgement on behalf on Rincon Realty in the 2006 case.

39. Upon information and belief, Rincon Realty assigned a new debt to Stuart Allan for collection purposes based upon rents due from the Lease Renewal Agreement.

1  40. Thereafter, Stuart Allan retained Burton to assist it in collecting the alleged debt stemming from the Lease Renewal Agreement.

41. On April 9, 2009, Burton filed suit on behalf of Defendant Stewart Allan and against Plaintiff in the Pima Justice Court, case number CV09-010623.

42. In the complaint, Defendants alleged that Plaintiff "entered into an agreement with Rincon Reality & Investment Co. whereby Defendants received goods and services."

43. Defendants also alleged in the complaint that Plaintiff "has refused to make payment as required."

44. Attached to the complaint was an assignment from Rincon Realty to Stewart Allen in the amount of $4,951.03.

45. Plaintiff filed an answer to the suit denying all liability.

46. Defendants disclosed in their Disclosure Statement served in the justice court action that the claim was for rent from December 1, 2006 through April 18, 2007, and for cleaning and repairs to the property.

47. Defendants also attached a copy of the Lease Renewal Agreement to Defendants' Disclosure Statement.

48. The Lease Renewal Agreement clearly shows that Plaintiff did not sign the agreement upon which Defendants sued.

49. Under Arizona law to bind a marital community for a one year lease extension, "joinder of both spouses is required." All-Way Leasing, Inc. v. Kelly, 182 Ariz. 213, 216, 895 P.2d 125, 128 (Ariz.App. 1995); citing to ARS § 25-214 (C).

50. During the lawsuit, Plaintiff informed Burton that she did not sign the

Lease Renewal Agreement and was therefore not liable for the lease damages.

51. At a pretrial conference held in the justice court case, Burton told Plaintiff that since she did not sign the Lease Renewal Agreement and had nothing to do with it, he would be willing to dismiss the case if she agreed to pay $147 for court costs.

52. Plaintiff has refused to pay the $147 as requested by Burton.

53. To date, Defendants have not dismissed the Justice Court action as to Plaintiff even thought they are aware that Plaintiff did not sign the Lease Renewal Agreement.

54. At no time prior to the filing of the present suit has Defendant Burton mailed Plaintiff a letter informing her of her rights to dispute the debt and request verification and validation as required by 15 U.S.C. § 1692g.

55. At no time prior to the filing of this suit has Defendant Stuart Allan mailed Plaintiff a letter informing her of her rights to dispute the debt and request verification and validation as required by 15 U.S.C. § 1692g.

56. Defendants' actions as set forth herein were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of their persistent and routine practice of debt collection.

57. In the alternative, Defendants' actions were negligent.

### VI.  Causes of Action

#### a.  Fair Debt Collection Practices Act

58. Plaintiff repeats, realleges, and incorporates by reference the foregoing

1  paragraphs.

2  59. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, and 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

  a) Statutory damages of $1,000 against each Defendant pursuant to FDCPA § 1692k;
  b) Actual damages in an amount to be determined at trial;
  c) Costs and reasonable attorney's fees pursuant to §1692k; and
  d) Such other relief as may be just and proper.

DATED   January 6, 2010   .


                                s/ Floyd W. Bybee
                                Floyd W. Bybee, #012651
                                BYBEE LAW CENTER, PLC
                                4445 E. Holmes Avenue
                                Suite 107
                                Mesa, AZ 85206-3398
                                Office: (480) 756-8822
                                Fax: (480) 302-4186
                                floyd@bybeelaw.com

                                Attorney for Plaintiff